Rex, J.
Numerous errors are assigned on the record; but the errors relied on by counsel for the plaintiff' in error in argument are:
“ 1. That the court erred in overruling the motion of the defendant to take the testimony of Daniel and Rebecca Jane Bevis from the jury.
“ 2. That the court erred in its charge to the jury.
“ 3. That the verdict was against the weight of the evidence in the case.”
The first and second propositions present for decision the same question, viz :
Whether the procuring by the plaintiff in error of the signature of Daniel Bevis to the promissory note set out in the indictment, in the manner shown by the evidence, was a forgery by him ?
The reasons urged by counsel in support of the motion of the plaintiff’ in error to withdraw the testimony of Bevis and his daughter from the jury are : that as the daughter was acting as the agent of her father, in signing his name to the contract, she continued to act in the same capacity in signing his name to the promissory note, although she was not authorized so to do by her father, and was induced thereto by the false pretenses and representations of the plaintiff’ in error; and, therefore, that the plaintiff, if guilty of any crime, is guilty of procuring, by false pretenses, the signature of Daniel Bevis to the promissory note, as the maker thereof, which is also made punishable by statute; and the same reasons are urged in support of their second claim, “ that the court erred in its charge to the jury.”
We do not think that these reasons are well founded. The acts of the agent, to bind the principal, must be within the scope of the authority given to the agent, and if the signing of her father’s name to the promissory note was not within the scope of her authority as his agent, the false pretenses and representations of the plaintiff in error could not and did not extend her authority as such agent.
*514 In this case the agency of the daughter for her father extended to the signing of his name to the contract in duplicate, and no farther. When, therefore, these two papers were signed, her agency for her father ceased. The evidence in the case tends to show that this was the extent of her authority as such agent, and that she was induced to sign the promissory note by the representations of the plaintiff' in error, and at his request, believing at the time •that the representations were true.
In signing her father’s name to the promissory note, Rebecca was therefore the innocent agent of the plaintiff in error, and hence her act was the act of the plaintiff in error, and was a forgery. Reginald v. Clifford, 2 Carr. & Kir. 202.
We are, therefore, of opinion that the court did not err in overruling the motion of the plaintiff in error to withdraw the testimony of the witnesses named from the jury, nor in its charge to the jury.
The evidence set out in the bill of exceptions, in our opinion, fully sustains the verdict.

Motion overruled.

Welch, C. J., White, Gilmore, and McIlvaine, JJ., concurred.